UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERRING PHARMACEUTICALS INC., )<br>)<br>Plaintiff and )<br>Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>BRAINTREE LABORATORIES, INC., )<br>)<br>Defendant and )<br>Counterclaim-Plaintiff. )<br>) | Civil Action No.  13-cv-12553-NMG |

**UNOPPOSED MOTION BY DEFENDANT AND COUNTERCLAIM-PLAINTIFF BRAINTREE LABORATORIES, INC. FOR LEAVE TO FILE A REPLY CONCERNING ITS REQUEST FOR LIMITED EXPEDITED DISCOVERY**

Defendant and Counterclaim-Plaintiff Braintree Laboratories, Inc., by its counsel Pollack Solomon Duffy LLP, respectfully submits this motion for leave to file a reply in support of its request for limited expedited discovery, in the form attached hereto as Exhibit A.  A reply will help clarify the scope of discovery sought, the applicable legal standards, and otherwise place in context certain statements by Plaintiff and Counterclaim Defendant Ferring Pharmaceuticals Inc. ("Ferring").  While Ferring opposes Braintree's request for limited expedited discovery, it has indicated through counsel that it does not oppose Braintree's request for leave to file a reply.

Braintree submits that a reply will help the Court in three ways.  First, a reply would include citations to authority favoring a flexible "good cause" standard for the allowance of expedited discovery, rather than standards for which Ferring argues that are more closely akin to preliminary injunction determinations.  Second, a reply would explain Braintree's position that

vague and self-serving statements by Ferring's General Counsel about the results of an internal investigation are far from dispositive on issues surrounding Ferring's misappropriation of Braintree's training materials, though the statements by Ferring's General Counsel are informative as to an appropriate scope of limited expedited discovery about who at Ferring obtained Braintree's training materials, as well as when, how, and what was done with those materials.  Finally, the reply would explain Braintree's position on why competitive assessments of Ferring's marketing efforts found within Braintree's training materials are the epitome of confidential information belonging to Braintree.

All Braintree seeks in limited expedited discovery is to learn who at Ferring obtained Braintree's training materials, the scope of the materials originally obtained, as well as when and how the materials have been used.  Braintree should therefore be allowed to serve an interrogatory and document request for these materials, and if the responses still do not answer these questions, to take a deposition of the person most knowledgeable about Ferring's possession and use of Braintree's training materials.

                Respectfully submitted,

                /s/ Joshua L. Solomon
                Barry S. Pollack, (BBO#642064)
                Joshua L. Solomon, (BBO#657761)
                POLLACK SOLOMON DUFFY LLP
                133 Federal Street, Suite 902
                Boston, MA  02110
                617-439-9800 (Tel)
                617-960-0490 (Fax)
                bpollack@psdfirm.com
                jsolomon@psdfirm.com

Dated:  December 17, 2013

Certificate of Service and L.R. 7.1 Certification

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on December 17, 2013.  The undersigned further certifies that counsel for Braintree has conferred with counsel for Ferring, and that counsel for Ferring indicated that he does not oppose the relief requested herein.

     /s/  Joshua L. Solomon