UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FERRING PHARMACEUTICALS INC., | ) ) ) |
| Plaintiff and Counterclaim-Defendant, | ) ) |
| v. | ) ) Civil Action No. 13-cv-12553-NMG |
| BRAINTREE LABORATORIES, INC., | ) ) ) |
| Defendant and Counterclaim-Plaintiff | ) ) |

**BRAINTREE LABORATORIES, INC.'S**
**MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Pursuant to Rules 33(a), 34(a) and 37(a) of the Federal Rules of Civil Procedure and Local Rules 34.1 and 37.1, Defendant and counterclaim-plaintiff Braintree Laboratories, Inc. ("Braintree"), respectfully requests that this Court compel plaintiff and counterclaim-defendant Ferring Pharmaceuticals Inc. ("Ferring") to produce documents and respond to document requests in a prompt and expected manner. Braintree respectfully requests an Order requiring the following:

1. Ferring shall provide amended written discovery responses limiting objections to claims of privilege and without limitations based on its subjective "relevance" determinations and without limiting the production to its subjective view of "representative" documents. Anything that is withheld categorically shall be specified for each request in detail making clear why such a category of documents that are sought through the request are not being produced;

2. Ferring shall search for documents in the possession of all salespeople involved in the sale of Prepopik, not just select managers and home office personnel;

3. Ferring shall produce forthwith all responsive emails that it has already identified;

4. To mitigate the effects of Ferring's undisclosed methods for seeding predictive-coding protocol, Ferring shall promptly provide search analytics including hit reports for all search terms Braintree suggests against the universe of electronic materials that include mailboxes of pertinent Ferring salespeople, and then the parties shall confer in good faith to modify such terms if necessary to avoid an unduly burdensome manual review of hits; and

5. Ferring shall produce responsive dicovery concerning Braintree's marketing and business information in its possession (other than items produced by Braintree in this case), Ferring's recruitment and hiring of Braintree's former employees, and Ferring's off-label marketing practices, including interrogatories 20-22, documents in response to Braintree's first request for production Nos. 16 and 17, and documents in response to the second requests for production 1-7 and 9.

In support of its motion, Braintree relies on the accompanying memorandum of law, the declaration of Barry S. Pollack, and the referenced exhibits.

**CERTIFICATE PURSUANT TO LOCAL RULE 37.1**

Undersigned counsel hereby certifies that Braintree, as further explained in the accompanying Memorandum, has conferred with opposing counsel concerning the matters raised in this motion and has been unsuccessful in resolving this dispute.

Dated: September 11, 2015                    Respectfully submitted,

/s/ *Barry S. Pollack*
Barry S. Pollack (BBO#642064)
Joshua L. Solomon (BBO#657761)
Eric M. Sommers (BBO #649611)
Phillip Rakhunov (BBO#663746)
POLLACK SOLOMON DUFFY LLP
133 Federal Street, Suite 902
Boston, MA  02110
617-439-9800 (Tel)
617-960-0490 (Fax)
bpollack@psdfirm.com
jsolomon@psdfirm.com

## Certificate of Service

  The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on September 11, 2015.

                    /s/ *Barry S. Pollack*