**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| FERRING PHARMACEUTICALS INC., | ) | Civil Action No.: 1:13-cv-12553 |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRAINTREE LABORATORIES, INC., | ) | |
| | ) | |
| Defendant-Counterclaim Plaintiff. | ) | |
| | ) | |

**PLAINTIFF'S EMERGENCY CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Judge Gorton "caution[ed] Braintree… that it will impose sanctions if it finds that Braintree' intent in seeking leave to add information about the 'Addendum' was to harass its opponent and increase the settlement value of this litigation." (Doc. 95, p. 18).

This, however, is exactly what Defendant Braintree Laboratories, Inc. ("Braintree") continues to do. Braintree noticed Plaintiff Ferring Pharmaceuticals Inc. ("Ferring") for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Several of the topics noticed for deposition, including the Addendum off-label topic, are overly broad and are an irrelevant and expensive distraction to the claims at issue in this case.

On January 6, 2016, Braintree filed an Emergency Renewed Motion to Enforce Prior Court Rulings and to Compel Discovery on seven (7) listed issues. (Doc. 189, pp. 1-2). This Cross-Motion addresses the issues identified in paragraphs 1 and 4-6 in Braintree's requested relief as well as related discovery by Braintree including its recently served 30(b)(6) notice on many of the same subjects. The remaining matters will be addressed separately in another paper.

In further support of this motion, Ferring relies upon "Plaintiff's Memorandum supporting its Emergency Cross-Motion for Entry of a Protective Order" dated January 8, 2016 and the "Declaration of Brian R. Michalek in Support of its Emergency Cross-Motion for Entry of a Protective Order" dated January 8, 2016, filed simultaneously herewith.  Accordingly, Ferring requests the following relief:

## I.      Off-Label Promotion

Regarding off-label promotion, Ferring requests entry of a protective order that bars deposition and discovery of these irrelevant matters:

Topic 6:     Knowledge of Ferring' s sales force and/or medical science liaisons of physicians or their staffs instructing patients to take Prepopik other than as specifically directed on its label, including but not limited to suggestions that it be taken with additional liquids or that it be taken with other substances, such as Miralax, Dulcolax, magnesium citrate, Linzess, or Bisacodyl.  (Decl., Ex. A).

Topic 7:     Reports, complaints and/or feedback from physicians or their staffs concerning… their instructing patients to use Prepopik other than as specifically directed on its label.  (Decl., Ex. A).

Issue 1:     Ferring shall forthwith produce to Braintree all hits generated by any of the following search terms run in the disjunctive against all of Ferring's Prepopik salespeople's mailboxes: Miralax, Dulcolax, magnesium citrate (including the roots "mag" and "cit" within 2 words of each other), Linzess, or Bisacodyl. (Doc. 189, p. 1).

## II.     Kristen Rossi Issues

Regarding the Kristen Rossi issues, Ferring requests entry of a protective order that bars deposition and discovery of these irrelevant matters:

Topic 11:    Allegations made by Kristen Rossi concerning improper sales practices by Ferring employees, including but not limited to any investigation of such allegations, and the termination of Kristen Rossi's employment. (Decl., Ex. A).

Issue 6:     Ferring shall produce all documents responsive to Braintree's requests in its Third Requests for Production regarding the former salesperson, Kristen Rossi, who has sued Ferring for retaliating against her for reporting off-label promotions.  (Doc. 189, p. 2).

2

III.   <u>**Discovery Compliance**</u>

Regarding discovery compliance, Ferring requests entry of a protective order that bars

deposition and discovery of these irrelevant matters:

Topic 15:   Efforts by Ferring to collect and produce documents in this action,
including but not limited to its compliance with document requests in this
case [as it relates to the off-label issues].  (Decl., Ex. A).

Topic 16:   Efforts by Ferring to comply with the rulings that the Court made on
October 21, 2015.  (Decl., Ex. A).

Issue 4:   Ferring may withhold for a responsiveness and privilege review only those hits
that also have a hit for its outside counsel in this litigation as a sender or recipient.
The remainder of the production shall be produced within 5 calendar days of the
Order.  (Doc. 189, p. 4).

Issue 5:   Ferring shall also produce for an *in camera* inspection within 5 days those
portions of any emails among its counsel, between December 17, 2015 and
December 31, 2015, inclusive, that concern whether Ferring could permissibly
use limiting search terms along with those that the Court expressly required.
(Doc. 189, p. 4).

IV.   <u>**Off-Label Subject Matter in other Depositions**</u>

Ferring further moves for a Protective Order prohibiting Braintree from proceeding

with deposition discovery as to any witnesses, including but not limited to, Andrew Zanga,

Richard Rice, Kristen Rossi, Melissa Wilmer, Andrea Katusin and Monika Factor, related to

allegations that Ferring engaged in off-label promotions.

**REQUEST FOR AN ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Ferring requests oral argument on its Emergency Motion

for Entry of a Protective Order.

Respectfully submitted

OLSON & CEPURITIS, LTD.


Dated: January 8, 2016                         \_\_\_\_/s/ Arne M. Olson_____
Arne M. Olson (*admitted pro hac vice*)
Alissa A. Digman (*admitted pro hac vice*)
Brian R. Michalek (*admitted pro hac vice*)
20 N. Wacker Dr., 36th Floor
Chicago, IL 60606-3113
Tel.: 312-580-1180
Fax: 312-580-1189
aolson@olsonip.com
adigman@olsonip.com
bmichalek@olsonip.com

Joseph J. Leghorn (BBO # 292440)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Tel.: 617-345-1000
Fax: 617-345-1300
jleghorn@nixonpeabody.com

Attorneys for Plaintiff Ferring Pharmaceuticals Inc.

**<u>CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1</u>**

I, Arne M. Olson, counsel for Ferring, hereby certify that this motion and related submissions comply with Local Rules 7.1(a)(2) and 37.1(b), that the moving party has attempted to timely confer with opposing counsel concerning these matters, and that opposing counsel does not assent to the relief sought herein.

  /s/ Arne M. Olson
Arne M. Olson

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system on January 8, 2016 and will be sent electronically to the registered participants as identified on the NEF:

Barry S. Pollack
Joshua L. Solomon
Phillip Rakhunov
Eric Sommers
POLLACK SOLOMON DUFFY LLP
133 Federal Street, Suite 902
Boston, MA 02110

_____Arne M. Olson_____
Arne M. Olson