**United States District Court**
**District of Massachusetts**

```
_____
                                )
FERRING PHARMACEUTICALS INC.,   )
                                )
         Plaintiff,             )
                                )    Civil Action No.
         v.                     )    13-12553-NMG
                                )
BRAINTREE LABORATORIES, INC.,   )
                                )
         Defendant.             )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

    This case arises out of a dispute between pharmaceutical companies that promote and offer for sale competing bowel preparation drugs that are administered prior to colonoscopies. Plaintiff/counterclaim-defendant Ferring Pharmaceuticals Inc. ("Ferring") promotes and offers for sale a treatment under the name Prepopik.  Defendant/counterclaim-plaintiff Braintree Laboratories, Inc. ("Braintree") promotes and offers for sale a treatment under the name Suprep.

    Pending before the Court are a series of discovery motions that the parties filed in advance of the February 29, 2016 deadline for all discovery and depositions.  Those motions are: 1) Ferring's appeal of, and objections to, certain rulings made by Magistrate Judge Marianne B. Bowler at the January 29, 2016 motion hearing, 2) Braintree's motion to affirm those rulings

-1-

or, in the alternative, to allow it to reply to Ferring's appeal and objections, and to extend the depositions deadline, 3) Braintree's motion to supplement the record with respect to its motion to affirm, 4) Braintree's motion for leave to reply to Ferring's appeal and objections, 5) Braintree's motion to extend the deadline for third-party Concentric Health Experience ("Concentric") to produce documents, 6) Braintree's amended motion to file a reply in support of its motion to affirm or, in the alternative, to allow it to reply to Ferring's appeal and objections, and to extend the depositions deadline and 7) Braintree's motion to file an exhibit to its proposed reply under seal.

For the reasons that follow, 1) Ferring's appeal will be denied and its objections overruled, 2) Braintree's motion to affirm and to extend the depositions deadline will be allowed, in part, and denied, in part, 3) Braintree's motion to supplement the record will be denied as moot, 4) Braintree's motion to file a reply will be denied as moot, 5) Braintree's motion to extend the deadline for production by Concentric will be allowed, 6) Braintree's amended motion to file a reply will be denied as moot and 7) Braintree's motion to seal will be denied as moot.

I.    **Background**

The early background and procedural history of this case are set forth in this Court's prior Memorandum & Order addressing Ferring's motion to dismiss Braintree's amended counterclaim and Braintree's first motion for summary judgment (Docket No. 95).

In August, 2015, this Court entered an order requiring the completion of all discovery and depositions by February 29, 2016.  In its order, the Court notified the parties that it would not further extend the discovery deadlines because the case "ha[d] been unduly delayed and [wa]s bogged down in mid-discovery nearly 2 years after it was filed."

On October 21, 2015, Magistrate Judge Bowler convened a motion hearing during which she allowed, in part, and denied, in part, 1) Ferring's motion to compel certain discovery responses from Braintree and 2) Braintree's motion to compel certain discovery responses from Ferring.

On December 3, 2015, Braintree filed its first motion to enforce the October 21, 2015 rulings (the "October, 2015 rulings") and for an award of attorney's fees.

On December 17, 2015, Magistrate Judge Bowler convened a second motion hearing during which she 1) allowed, in part, and denied, in part, Braintree's first motion to enforce the

October, 2015 rulings and 2) denied without prejudice Braintree's motion for attorney's fees.

On January 6, 2016, Braintree renewed its motion to enforce the October, 2015 rulings and to compel discovery.  Ferring moved for a protective order two days later to preclude the discovery and deposition of certain matters.  Ferring then filed a motion to compel Braintree to produce information on its sales of Suprep since 2010.

On January 29, 2016, Magistrate Judge Bowler convened a third motion hearing during which she 1) allowed, in part, and denied, in part, Braintree's renewed motion to enforce the October, 2015 rulings, 2) denied Ferring's motion for a protective order and 3) denied Ferring's motion to compel the Suprep sales information.

On February 8, 2016, Ferring filed a notice of appeal of, and its objections to, Magistrate Bowler's rulings at the January 29, 2016 hearing ("the January, 2016 rulings").

On February 10, 2016, Braintree filed a motion to affirm the January, 2016 rulings or, in the alternative, to file a reply to Ferring's appeal and objections.  In that motion, Braintree also sought an extension of the depositions deadline. Shortly thereafter, Braintree moved to supplement the record with respect to that motion.  Braintree next moved for leave to

reply to Ferring's opposition to its motion to affirm the disputed January, 2016 rulings.

On February 25, 2016, Braintree moved for an extension of time for third-party Concentric to produce documents.  Braintree then filed an amended motion for leave to file a reply and a separate motion to file an accompanying exhibit under seal.

## II.  Review of the January, 2016 rulings by Magistrate Judge Bowler

If a party timely objects to the non-dispositive rulings of a magistrate judge on pretrial matters, the district judge must modify or set aside any part of the disputed order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  As another session of this Court has noted,

> [a] respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case.

Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012).

The "clearly erroneous" prong requires the district judge to accept the factual findings and conclusions of the magistrate judge unless, after reviewing the entire record, the district judge has a "strong, unyielding belief that a mistake has been made." Green v. Cosby, 2016 WL 554816, at *1 (D. Mass. Feb. 11,

2016)(citing <u>Phinney</u> v. <u>Wentworth Douglas Hosp.</u>, 199 F.3d 1, 4 (1st Cir. 1999)).

Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo, <u>see</u> <u>PowerShare, Inc.</u> v. <u>Syntel, Inc.</u>, 597 F.3d 10, 15 (1st Cir. 2010), and factual findings for clear error, <u>Phinney</u>, 199 F.3d at 4.  Mixed questions of law and fact invoke a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the clear error standard); the more law intensive the question, the less deferential the level of review.

<u>In re IDC Clambakes, Inc.</u>, 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

**B.   Application**

**1.   The January, 2016 rulings**

**a.   Braintree's renewed motion to enforce the October, 2015 rulings and to compel discovery**

On January 6, 2016, Braintree filed a renewed motion to enforce the October, 2015 rulings and to compel discovery.

In light of Ferring's representation on February 8, 2016 that it 1) already performed a search of the keywords listed in paragraphs 27 and 28 of Alissa Digman's declaration, without using the qualifiers in the parentheticals, on all emails belonging to all of its salespeople and 2) was in the process of

producing the resulting responsive documents, the Court notes that the only appealable issue is whether Ferring must produce documents from that search that fall within the January to October, 2014 period.

In its motion, Braintree sought to compel Ferring to produce responsive documents from the January to October, 2014 period because, it claimed, 1) Magistrate Judge Bowler had already found those documents relevant to the case and discoverable at the October 21, 2015 hearing when the parties discussed that exact issue and 2) there is no new, cognizable ground upon which Ferring could now object to the production of such documents.

Ferring responded that, because its allegedly false advertising ceased in 2013, documents from 2014 are not relevant to Braintree's claim of false advertising.  Ferring also faulted Braintree for requesting those documents too late in the discovery process and that "there [wa]s simply no way" for Ferring to produce those documents by the discovery deadline of February 29, 2016.  It averred that the cost of gathering, reviewing and producing the information would be substantial and "completely disproportionate to the needs of the case" given the irrelevance of the information.  It also argued that documents concerning alleged off-label promotion are not relevant to the claims or defenses in the case.

The transcript of the January 29, 2016 hearing indicates that 1) Ferring repeated its argument that information concerning alleged off-label promotion was irrelevant and requests for that information were disproportionate to the needs of the case and 2) Braintree responded that evidence that Ferring agents engaged in off-label promotion would support its claim of false advertising and that documents from 2014 were important because of whistleblower evidence that Ferring engaged in off-label promotion in mid-2014.  After she heard oral argument from the parties at the hearing, Magistrate Judge Bowler specifically allowed Braintree's request for responsive documents identified in a keyword search "through and including October, 2014".

### b.   Ferring's motion for a protective order

On January 8, 2016, Ferring moved for a protective order under Fed. R. Civ. P. 26(c)(1) and sought to preclude discovery with respect to matters concerning 1) its alleged off-label promotion, 2) whistleblower Kristen Rossi and 3) its compliance during the discovery process.

Ferring asserted that a protective order was warranted because none of those matters was relevant to the parties' claims or defenses given that 1) Braintree chose not to add a counterclaim alleging off-label promotion, 2) there is no private cause of action for off-label promotion, 3) its alleged

-8-

off-label promotion occurred subsequent to its alleged false advertising and is thus irrelevant and unrelated to Braintree's claim of false advertising and 4) Braintree had already received discovery and taken an oral deposition related to the claim of off-label promotion, none of which corroborated the claim.

Ferring further contended that discovery and an oral deposition with respect to those matters would violate the "proportionality" requirement in the newly amended Fed. R. Civ. P. 26(b)(1) because 1) those matters are irrelevant to the pertinent issues, as argued above, 2) Braintree's request for additional discovery and depositions on off-label promotion is wasteful and duplicative and 3) the requests amount to harassment and a fishing expedition that implicate issues of attorney-client privilege and work-product immunity.

Braintree responded by declaring that Ferring has merely "rehashed arguments it made--and lost--at the October 21 hearing" and that Magistrate Judge Bowler already "expressly rejected" Ferring's arguments that such discovery would be unduly expensive and duplicative. Braintree also factually disputed Ferring's claims of irrelevance and disproportionality and characterized the request for a protective order as further evidence of Ferring's refusal to comply with discovery orders.

On January 29, 2016, Magistrate Judge Bowler considered the parties' arguments, noted that Ferring could raise its concerns during the depositions and denied its motion.

###### c.   Ferring's motion to compel sales information

On January 19, 2016, Ferring moved to compel the production of sales information for Suprep since 2010.  Ferring argued that its request for such information was substantively distinct from its prior request which was denied without prejudice in the October, 2015 rulings, because it now had an affidavit from its damages expert confirming that he needed the information to assess accurately the trends in Suprep sales before and after Braintree's alleged false advertising.  Ferring claims that the information is "readily available" to Braintree because all Braintree has to do is remove the redactions from 100 pages of documents that it already produced to Ferring.

In response, Braintree proclaimed that Ferring "inexplicably" waited until one week before the initial expert deadline and after it had already produced its damages expert report to renew its request for the sales information. Braintree also declared that the sales information was confidential and subject to a protective order and that Ferring's asserted need for such was based upon speculation that it would be more accurate than publicly available information. Braintree concluded that Ferring developed no new justification

for needing the data after its prior request was denied without
prejudice and that the current request for the information would
cause undue delays in the discovery process.

During the January 29, 2016 hearing, Magistrate Judge
Bowler clarified that Ferring had waited until mid-January, 2016
to file its motion even though it had received the redacted
document in late October, 2015.  She subsequently denied the
motion.

### 2.    Ferring's notice of appeal of, and objections to, the January, 2016 rulings

On February 8, 2016, Ferring objected to, and appealed, the
January, 2016 rulings to this Court.  In general, it complains
that Magistrate Judge Bowler "summarily dispensed [of its
motions] in simple, unsupported statements" without making any
factual findings or citing any legal authorities.  It views her
rulings as 1) contrary to law because she failed to address its
proportionality argument under the newly amended Rule 26(b)(1)
and 2) clearly erroneous because matters of off-label promotion
are irrelevant and unrelated to the issues in the case.

In its motion, Ferring submits that the proposed discovery
with respect to off-label promotion is disproportionate to the
needs of the case and unwarranted in light of the irrelevance of
the information and

the grossly disproportionate cost and burden on Ferring
as compared to the insignificant weight of the requested
discovery.

With respect to the allowance of Braintree's motion to
enforce the October, 2015 rulings and to compel discovery,
Ferring adds that "[t]he record is not clear as to the scope of
what the Magistrate Judge actually ordered" for the new search.

With respect to the denial of its motion for a protective
order, Ferring repeats its arguments of irrelevance and
maintains that only "scientific proof" can validate Braintree's
claim of false advertising.  Ferring thus maintains that
opinions by salespeople or others in the field regarding the
effectiveness of Prepopik are irrelevant.

With respect to the denial of its motion to compel the
production of sales information, Ferring claims that its damages
expert needs unredacted copies of previously produced documents
and supporting documentation for the unredacted figures.  It
submits that any discovery burden imposed on Braintree is "low"
in comparison to its need for the sales information,
particularly because Braintree need only remove the redactions
from materials that it already produced.

> **3.  Braintree's motion to affirm the January, 2016
> rulings and to extend the depositions deadline**

On February 10, 2016, Braintree responded to Ferring's
appeal and objections by filing a motion to affirm the disputed

January, 2016 rulings and to deny Ferring's appeal of those
rulings as untimely.

Braintree asserts that Ferring's appeal of the January,
2016 rulings is, in substance, an appeal of the October, 2015
rulings which addressed the same issues.  Braintree thus
concludes that the appeal and objections are untimely under Rule
72(a) because they were filed more than 14 days after Magistrate
Judge Bowler entered the October, 2015 rulings.

The Court disagrees that Ferring's appeal and objections
are untimely.  After reviewing the transcript of the October,
2015 hearing and the accompanying order of rulings, the Court is
satisfied that Magistrate Judge Bowler did not address at the
October, 2015 hearing 1) the narrow issue of whether Ferring
must produce documents from the mailboxes of its salespeople for
the January to October, 2014 period, 2) Ferring's motion for a
protective order which it filed in January, 2016 or 3) Ferring's
renewed motion to compel sales information which it also filed
in January, 2016.  The Court notes that, although Magistrate
Judge Bowler did consider Ferring's prior motion to compel sales
information at the October, 2015 hearing, she denied the motion
without prejudice and did not bar Ferring from renewing the
motion at a later stage.

Braintree next challenges Ferring's objections on the
merits by suggesting that

> Ferring also describes Magistrate Judge Bowler's rulings on January 29 as having been summarily dispensed in simple, unsupported statements, never acknowledging that Judge Bowler had previously ruled on the same issues in two separate earlier hearings.

(internal quotation marks and citations omitted).  Ferring responds that 1) Braintree made its first demand for documents falling within the January to October, 2014 period in the motion that it filed in January, 2016 and 2) Magistrate Judge Bowler granted that demand at the January, 2016 hearing "without even allowing counsel for Ferring the opportunity to respond".

Braintree also clarifies that it is not pursuing a claim for off-label promotion but is seeking discovery about Ferring's sales practices.  Those practices, according to Braintree, are relevant to 1) its claim that Ferring intentionally and falsely advertised Prepopik as "superior" and as having "the lowest volume solution" and 2) its "unclean hands" defense to the equitable claims that Ferring raises against it.

Braintree asks the Court, as an alternative to affirming the disputed rulings, to grant it leave to file a further response to Ferring's objections on the merits.

Braintree also requests a 30-day extension of the February 29, 2016 deadline for depositions because, it contends, it cannot take the depositions until it receives the requested documents.

-14-

**4.   Review by this Court of the January, 2016 rulings**

After a careful review of the extensive record in this case, this Court affirms the three disputed January, 2016 rulings by Magistrate Judge Bowler because they are not clearly erroneous or contrary to law.

**a.   Braintree's renewed motion to enforce the October, 2015 rulings and to compel discovery**

The first disputed ruling required Ferring to produce responsive documents that 1) resulted from a particular keyword search of the mailboxes of its entire salesforce and 2) fell within the January to October, 2014 time period.  That ruling will be affirmed.

Although a cursory reading of the January, 2016 transcript could lead to the erroneous conclusion that Magistrate Judge Bowler ordered the production of those documents in "simple, unsupported statements," a different conclusion emerges when the transcript is read in its entirety and considered in the context of the parties' oral arguments, their written memoranda and Magistrate Judge Bowler's prior rulings during the discovery process.

A review of the record reveals that Magistrate Judge Bowler considered those documents from the January to October, 2014 period relevant because 1) there was whistleblower evidence that Ferring engaged in off-label promotion in 2014 and 2) as a

result, that evidence was relevant to Braintree's claim that
Ferring intentionally engaged in false advertising.  While
Magistrate Judge Bowler did not explicitly discuss
proportionality in her ruling, the record shows that Ferring
emphasized the proportionality issue both in its written and
oral arguments.  It was not clearly erroneous for Magistrate
Judge Bowler to conclude that production of those documents is
nevertheless warranted.  It was not contrary to law,
particularly given the substantial deference due to magistrate
judge rulings on heavily fact-intensive questions, for her to
allow the motion without expressly acknowledging the
proportionality arguments raised by Ferring.

    Accordingly, with respect to the documents from the
mailboxes of the sales team that fall within the January to
October, 2014 period, this Court will affirm Magistrate Judge
Bowler's ruling, deny Ferring's appeal, overrule Ferring's
objections and allow Braintree's motion to affirm the ruling.

### b.    Ferring's motion for a protective order

    The second disputed ruling concerns the denial of Ferring's
motion for a protective order.  Ferring sought to bar discovery
and oral depositions with respect to matters concerning its
alleged off-label promotion, the whistleblower and its discovery
compliance as irrelevant and disproportionate to the needs of
the case.

After reviewing the record, this Court concludes that the ruling was not clearly erroneous and was not contrary to law in light of Magistrate Judge Bowler's findings that
1) whistleblower evidence of off-label promotion is relevant to the case and thus production of such evidence is warranted and 2) a protective order with respect to matters of discovery compliance is unwarranted given that Ferring would have an opportunity to raise those issues at the depositions.

The memoranda filed with Magistrate Judge Bowler and the transcript from the January, 2016 hearing indicate that Ferring raised its arguments regarding proportionality on multiple occasions.  Under the deferential standard applicable to such fact-intensive rulings by magistrate judges, the fact that Magistrate Judge Bowler did not expressly reference proportionality in her ruling does not render her ruling contrary to law.

Accordingly, with respect to the protective order, this Court will affirm Magistrate Judge Bowler's ruling, deny Ferring's appeal, overrule Ferring's objections and allow Braintree's motion to affirm the ruling.

### c.  Ferring's motion to compel sales information

The third disputed ruling concerns the denial of Ferring's motion to compel Suprep sales information.  That ruling will be affirmed.

-17-

A review of the record indicates that Ferring claimed an entitlement to the sales information because its damages expert needed the information to assess trends in Suprep sales and Braintree could easily produce the information by removing certain redactions.  The record shows that Braintree responded by pointing out that 1) Ferring's request would cause undue delay because Ferring made the request at the end of the expert discovery process, 2) the requested data was irrelevant because Braintree "certainly wouldn't have to disgorge anything before PREPOPIK [was launched]" and 3) the request was based upon mere "speculation" by the damages expert that he might find Braintree's information more useful than the information that he gathered from publicly available sources.

Magistrate Judge Bowler informed the parties at the hearing that she was "inclined to agree" with Braintree that Ferring's request would cause delay, asked for irrelevant information and was based upon speculation.  After confirming that Ferring received the redacted documents in late October, 2015 but only requested that they be unredacted in January, 2016, Magistrate Bowler denied the motion.  This Court concludes that her ruling was not clearly erroneous or contrary to law.

Accordingly, with respect to the Suprep sales information, the Court will affirm Magistrate Judge Bowler's ruling, deny

Ferring's appeal, overrule Ferring's objections and allow
Braintree's motion to affirm the ruling.

In light of these findings and in recognition of
Braintree's claim that it needs the withheld documents before
completing depositions, the outstanding discovery and motion
deadlines will be extended as follows: 1) all fact discovery and
oral depositions, as well as all expert depositions and
discovery, shall be completed by March 15, 2016 and
2) dispositive motions are due by April 15, 2016, with
oppositions due by May 15, 2016 and replies, if leave of court
is granted, due by May 31, 2016.  The Court forewarns the
parties that there will be no further extensions of time.

Accordingly, the Court will allow Braintree's motion for an
extension of the depositions deadline but will limit that
extension to 15 days.

### III. Other motions

Braintree's motion to supplement the record centers on its
allegation that Ferring conducted certain keyword searches on
some but not all of the mailboxes of its salespeople.  That
motion will be denied as moot in light of Ferring's
representation that it has already performed those keyword
searches with respect to "all of its custodian's emails,
including its sales force" and is in the process of producing
the responsive documents from those searches.  Ferring is

directed to produce those documents on or before the revised discovery deadline of March 15, 2016.

Braintree's motion for leave to file a reply in support of its motion to affirm the January, 2016 rulings will be denied as moot pursuant to the Court's affirmance of the January, 2016 rulings.  Braintree's amended motion for leave to file a reply and its motion to file an accompanying exhibit under seal will also be denied for that reason.

Braintree's motion for an extension of time for third-party Concentric to produce documents responsive to its September, 2015 subpoena will be allowed and the deadline for that production will be extended to March 15, 2016.

## ORDER

For the foregoing reasons,

1)   Ferring's appeal of, and objections to, the rulings by Magistrate Judge Bowler at the January 29, 2016 hearing (Docket No. 222) are, respectively, **DENIED** and **OVERRULED;**

2)   Braintree's motion to affirm the rulings by Magistrate Judge Bowler at the January 29, 2016 hearing (Docket No. 233) is, with respect to

a.   the affirmation of those rulings, **ALLOWED,**

b.   the request to file a reply to Ferring's appeal
     and objections, **DENIED AS MOOT,** and

c.   the request for an extension of the depositions
     deadline, **ALLOWED,** but

d.   the request for a 30-day extension of the
     depositions deadline, **DENIED;**

3)   Braintree's motion to supplement the record with
     respect to its motion to affirm the rulings by
     Magistrate Judge Bowler at the January 29, 2016
     hearing (Docket No. 236) is **DENIED AS MOOT;**

4)   Braintree's motion for leave to file a reply in
     support of its motion to affirm the rulings by
     Magistrate Judge Bowler at the January 29, 2016
     hearing (Docket No. 245) is **DENIED AS MOOT;**

5)   Braintree's motion for an extension of the discovery
     deadline specifically with respect to the production
     by third-party Concentric (Docket No. 247) is **ALLOWED;**

6)   Braintree's amended motion to file a reply in support
     of its motion to affirm or, in the alternative, to
     file a reply to Ferring's appeal and objections, and
     to extend the depositions deadline (Docket No. 258) is
     **DENIED AS MOOT;** and

7)   Braintree's motion to file an exhibit to its proposed
     reply under seal (Docket No. 259) is **DENIED AS MOOT.**

The discovery and pretrial deadlines are revised as follows:

- all fact discovery and depositions shall be completed by March 15, 2016,

- all expert depositions and discovery shall be completed by March 15, 2016,

- dispositive motions are due by April 15, 2016,

- oppositions to dispositive motions are due by May 15, 2016, and

- replies to dispositive motions, if leave of court is granted, are due by May 31, 2016.

There will be no further extensions.


**So ordered.**


                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated February 29, 2016