```
                    United States District Court
                      District of Massachusetts
 _____
                               )
FERRING PHARMACEUTICALS INC.,  )
                               )
         Plaintiff,            )
                               )   Civil Action No.
         v.                    )   13-12553-NMG
                               )
BRAINTREE LABORATORIES, INC.,  )
                               )
         Defendant.            )
 _____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of a dispute between pharmaceutical companies that promote and offer for sale competing bowel preparation drugs which are administered prior to colonoscopies. Plaintiff Ferring Pharmaceuticals Inc. ("Ferring") promotes and offers for sale a treatment under the name Prepopik. Defendant Braintree Laboratories, Inc. ("Braintree") promotes and offers for sale a treatment under the name Suprep.

Pending before the Court is Ferring's appeal of, and objections to, certain rulings of Magistrate Judge Marianne B. Bowler at a motion hearing before her. For the reasons that follow, this Court will overrule the objections, deny the appeal and affirm the magistrate judge's rulings.

I.  **Background**

The early background and procedural history of this case are set forth in this Court's prior Memorandum & Order addressing Ferring's motion to dismiss Braintree's amended counterclaim and Braintree's first motion for summary judgment (Docket No. 95).

In August, 2015, this Court entered an order requiring the completion of all discovery and depositions by February 29, 2016.  In its order, the Court notified the parties that it would not further extend the discovery deadlines because the case "ha[d] been unduly delayed and [wa]s bogged down in mid-discovery nearly 2 years after it was filed".

On April 25, 2016, Magistrate Judge Bowler convened a motion hearing during which she allowed, in part, and denied, in part, Braintree's motion seeking, inter alia, to enforce a subpoena issued against third-party Concentric Partners, LLC ("Concentric").  Concentric is the advertising agency retained by Ferring to develop advertisements for Prepopik.

At the hearing, Magistrate Judge Bowler heard oral argument from both parties on the extent to which Ferring's attorney-client privilege protected the e-mail communications sent or received by Concentric representatives.  She allowed the motion "to the limited extent that [Ferring] has failed to meet its burden [in showing] that a privilege exists and applies",

directed the prompt production of all responsive documents and specified that Concentric could redact only the portions of the e-mails containing "actual legal advice" by Ferring's attorneys.

In May, 2016, Ferring filed a notice of appeal of, and its objections to, those rulings ("the April, 2016 rulings"). It requests that this Court overrule those rulings, clarify the scope of the attorney-client privilege and find that "the information redacted from the documents withheld are [sic] subject to the attorney-client or work product privilege".

## II. Review of the April, 2016 rulings

If a party timely objects to the non-dispositive rulings of a magistrate judge on pretrial matters, the district judge must modify or set aside any part of the disputed order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As another session of this Court has found,

> [a] respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case.

Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012).

The "clearly erroneous" standard requires the district judge to accept the factual findings and conclusions of the magistrate judge unless, after reviewing the entire record, the

district judge has a "strong, unyielding belief that a mistake has been made." Green v. Cosby, 2016 WL 554816, at *1 (D. Mass. Feb. 11, 2016)(citing Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)).

Under the "contrary to law" requirement, the district judge reviews pure questions of law de novo, see PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010), and factual findings for clear error, Phinney, 199 F.3d at 4. Mixed questions of law and fact invoke a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the clear error standard); the more law intensive the question, the less deferential the level of review.

In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013) (internal quotation marks omitted).

**B.   Application**

Ferring objects to the rulings of the magistrate judge because 1) she allegedly found that "only statements made by an attorney and not requests for advice provided to the attorney" could be privileged which violates the principles set forth in Upjohn Co. v. United States, 449 U.S. 383 (1981), 2) she focused exclusively on Braintree's new argument that "no ad agency privilege" exists rather than the issues of common interest and work product privilege briefed by the parties which denied

-4-

Ferring a full fair opportunity to present its position and 3) she made her findings without first inspecting in camera the privilege log or disputed documents.

Braintree responds that the magistrate judge merely found that Ferring had not specifically established that a privilege applied to the disputed documents.  Braintree denies that Ferring was deprived of its ability to prepare for and argue the privilege issues discussed at the hearing.  It asserts that Ferring "submitted full briefing on attorney-client privilege issues" in advance of the hearing, did not object to the issues raised at oral argument, "chimed in and addressed the merits of the privilege issues" at the hearing and did not seek to file supplemental memoranda on those issues.

The Court agrees with Braintree.  The transcript of the April 25, 2016 hearing confirms that the magistrate judge found that Ferring had not specifically demonstrated that the e-mails at issue were protected by an applicable privilege.  She did not, as Ferring suggests, make a categorical finding that the attorney-client privilege applies to statements made by attorneys only.

This Court also finds that Ferring had an adequate opportunity to argue that the attorney-client privilege protected the disputed communications.  It filed an opposition to Braintree's motion to enforce the subpoena against Concentric

and set forth its assertions that the e-mails were privileged. It responded to Braintree's arguments at the hearing by proclaiming that it is the nature of the interactions in the e-mails and not Concentric's status as an advertising agency which determines the application of Ferring's attorney-client privilege to the e-mails.  It did not, however, specifically describe the interactions in those e-mails or explain why the documents reflecting those particular interactions should be privileged.  It also did not seek to submit supplemental memoranda or otherwise indicate that it wished to advance additional arguments to support its position before Magistrate Judge Bowler issued her rulings.

After considering the arguments raised by both parties, Magistrate Judge Bowler found that Ferring did not "meet its burden [in showing] that a privilege exists and applies" to the e-mail communications.  She thus ordered the production of all documents which did not include statements or advice by Ferring's attorneys and clarified that Concentric could redact or remove only the portions of e-mails containing "actual legal advice".  Her conclusion that Ferring had not established that a valid privilege protected the specific communications at issue is neither clearly erroneous nor contrary to law.

Her decision to resolve the issues without first inspecting the disputed documents <u>in camera</u> is also not erroneous.

Ferring's reliance upon <u>Kerr</u> v. <u>United States Dist. Court for N. Dist. of Cal.</u>, 426 U.S. 394 (1978) is misplaced because that decision simply found that <u>in camera</u> review was a "highly appropriate and useful" means of resolving claims of governmental privilege. 426 U.S. at 405-06.  <u>Kerr</u> does not require <u>in camera</u> review as a mandatory means of adjudicating all claims of privilege in all cases.

Accordingly, this Court will overrule Ferring's objections and affirm the April, 2016 rulings by Magistrate Judge Bowler.

**ORDER**

For the foregoing reasons, Ferring's appeal of, and objections to, the rulings by Magistrate Judge Bowler at the April 25, 2016 hearing (Docket No. 377) are, respectively, **DENIED** and **OVERRULED**.  Those rulings are affirmed.

**So ordered.**

　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　United States District Judge

Dated August 3, 2016