```
                   United States District Court
                     District of Massachusetts
 _____
                               )
FERRING PHARMACEUTICALS, INC., )
                               )
      Plaintiff-Counterclaim   )
      Defendant,               )
                               )   Civil Action No.
      v.                       )   13-12553-NMG
                               )
BRAINTREE LABORATORIES, INC.,  )
                               )
      Defendant-Counterclaim   )
      Plaintiff.               )
                               )
 _____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case concerns two pharmaceutical companies that have competing products used for bowel preparation before colonoscopies. Plaintiff/counterclaim-defendant Ferring Pharmaceuticals, Inc. ("Ferring") claims that Defendant/counterclaim-plaintiff Braintree Laboratories, Inc. ("Braintree") engaged in false advertising in violation of the Lanham Act and unfair trade practices in violation of the Massachusetts Consumer Protection Act, M.G.L. ch. 93A ("Chapter 93A"). Braintree counterclaims that Ferring has, itself, engaged in false advertising and unfair trade practices. Braintree's motion in limine to strike Ferring's demand for a jury trial is currently pending before the Court.

-1-

I.   **Motion to Strike Jury Trial**

   **A. Legal Standard**

Parties have the right to a jury trial when a statute or the Seventh Amendment so requires. Fed. R. Civ. P. 38(a). The First Circuit Court of Appeals ("First Circuit") has found that the Lanham Act does not create such a right if a plaintiff seeks "the remedy of an accounting of defendant's profits." Visible Sys. Corp. v. Unisys Corp., 551 F.3d 65, 78 (1st Cir. 2008). Nor does Chapter 93A create a right to a jury trial. Wallace Motor Sales, Inc. v. Am. Motors Sales Corp., 780 F.2d 1049, 1066 (1st Cir. 1985).

There is a two-part test for determining whether parties have a right to a jury trial under the Seventh Amendment:

> (1) compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity; and (2) examine the remedy sought and determine whether it is legal or equitable in nature.

Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 98 (1st Cir.), cert. denied, 135 S. Ct. 179 (2014) (internal quotation marks omitted). The second prong of the test carries more weight than the first. Id. When a case involves both legal and equitable claims, the jury trial must proceed first unless there are exceptional cirucmstances because "the right to [a] jury trial is a constitutional one" and there is no similar right to

a bench trial. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510-11 (1959).

A party may also be entitled to a jury trial if an equitable remedy is of a legal nature. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477-78 (1962).  For instance, an accounting of profits can act as a proxy for a legal claim in some circumstances. SharkNinja Operating LLC v. Dyson Inc., No. 14-13720-ADB, 2016 WL 6134101, at *1–2 (D. Mass. Oct. 19, 2016). The First Circuit has yet to address whether an accounting of profits that acts as a proxy for legal damages creates a right to a jury trial but it has observed that the "proxy rationale" may be the "strongest argument" for such a right. Visible, 551 F.3d at 80, n.11.  Using methodology that this Court finds convincing, other courts have found a right to a jury trial by applying the proxy rationale if 1) the case involves similar products, 2) there is no adequate remedy at law and 3) the products compete directly. See, e.g., SharkNinja, 2016 WL 6134101, at *2.

**B. Analysis**

Braintree moves to strike Ferring's demand for a jury trial on the grounds that, because Ferring seeks only disgorgement of Braintree's profits, its claims are equitable.  Ferring responds that it is entitled to a jury trial with respect to its defenses to Braintree's counterclaims which the parties agree are legal

in nature.  Ferring further contends that its claim for an accounting is a proxy for a legal claim.

Ferring is correct in its assertion that it is entitled to a jury trial on its defenses to Braintree's counterclaims for lost profits. Fed. R. Civ. P. 38(a); Beacon, 359 U.S. at 510-11.

On the other hand, Ferring's contention that its accounting theory of damages is a proxy for legal damages presents a closer question.  The first two SharkNinja factors weigh in favor of a finding that that Ferring's claim is a proxy for legal damages. The competing treatments used to prepare for colonoscopies are very similar. SharkNinja, 2016 WL 6134101, at *2.  There is also no alternative legal remedy available because Braintree's purported false advertising began as soon as Ferring's treatment entered the market, making it impossible for Ferring to measure its alleged losses by decreased sales. Id.

Conversely, with respect to the third SharkNinja factor, it is unclear if the direct competition requirement is met. Ferring contends that the two products perform the same function, involve the same volume of treatment and the same doctors prescribe both of them.  Ferring further alleges that Braintree's advertising directly targeted its product.  There were, however, other colonoscopy preparation drugs on the market during the time period at issue which indicates that the competition may not have been direct. Id.

-4-

Accordingly, because it is unclear whether the requirements for a proxy theory of damages are met, the Court will deny Braintree's motion to strike the jury demand and "reserve[e] the question until after the case has been completed[.]" Attrezzi, LLC v. Maytag Corp., 436 F.3d 32, 36 (1st Cir. 2006) (internal quotation marks omitted).  If Ferring has failed to show that it is entitled to a jury trial at that time, the Court will treat the jury's verdict as advisory under Fed. R. Civ. P. 39(c). Id.

### ORDER

For the foregoing reasons, Braintree's motion to strike Ferring's jury trial demand (Docket No. 581) is **DENIED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated December 13, 2016