United States District Court
District of Massachusetts

| | |
|---|---|
| FERRING PHARMACEUTICALS, INC., | |
|     Plaintiff-Counterclaim Defendant, | |
| v. | Civil Action No. 13-12553-NMG |
| BRAINTREE LABORATORIES, INC., | |
|     Defendant-Counterclaim Plaintiff. | |

## ORDER

GORTON, J.

Defendant-counterclaim plaintiff Braintree Laboratories, Inc. ("Braintree") moves in limine to exclude the damages analysis conducted by Dr. Stec, an expert witness for plaintiff-counterclaim defendant Ferring Pharmaceuticals, Inc. ("Ferring"). In Braintree's view, because that analysis was based on the combined effect of three factors and the Court granted summary judgment with respect to one of those factors, it is no longer relevant.

Relevance is a relative concept and Dr. Stec's analysis is still relevant to the damages allegedly caused by Braintree's conduct. Fed. R. Evid. 401, 402; United States v. Burnett, 579 F. 3d 129, 132 (1st Cir. 2009). Moreover, Braintree's concerns go to the weight, not the admissibility, of the evidence and

Braintree will be afforded ample opportunity to cross-examine Dr. Stec thoroughly on the subject. Cummings v. Standard Register Co., 265 F.3d 56, 65 (1st Cir. 2001).

Braintree also objects to Dr. Stec's supplemental analysis which includes "updates" in response to this Court's summary judgment ruling.  It is within this Court's discretion to permit Ferring to update Dr. Stec's analysis under these circumstances. See Samaan v. St. Joseph Hosp., 670 F.3d 21, 36-37 (1st Cir. 2012).  Braintree is hereby permitted to conduct before trial a second deposition of Dr. Stec with respect to the updated analysis if it so chooses.  Such a deposition shall be limited in duration to three (3) hours and Ferring will bear the cost for daily copy so that a transcript will be available at trial.

Accordingly, Braintree's motion to exclude (Docket No. 605) is **DENIED**.

So ordered.

_____
Nathaniel M. Gorton
United States District Judge

Dated December 23, 2016